## REYNOLDS v. WESTON.

### No. 8150; July 19, 1884.

#### 4 Pac. 374.

**Trust Deed.—In an Action to Determine the Rights to Property** under a deed of trust, the court must follow the provisions of the trust, and, where such trust provides for the sale of the whole of such property, the court is not authorized to order a sale of a part thereof.

APPEAL from the Superior Court of Santa Clara County.

This was a proceeding to determine the rights of parties to property under a deed of trust. The provisions of such trust were that the trustee should conduct certain litigation regarding the trust property, and when the same was settled sell the property and make certain dispositions of the proceeds. The lower court decreed that the trustee should hold the land till the litigation ''be terminated as to the whole or any part of the premises, or when the litigation concerning the premises or any part thereof shall have been otherwise finally ended,'' the trustee might proceed to sell the same under the directions of the trust. The other facts appear in the opinion.

Wm. L. Gill for appellant; C. D. Wright for respondent.

By the COURT.—The decree seems to follow the provisions of the deed of trust in authorizing a sale of the premises conveyed to the plaintiff when he shall obtain possession thereof by virtue of a judgment in an action then pending, in which the right of possession was involved, except in the

particular hereinafter noted. As to the compensation to which the court found plaintiff entitled, and decreed that he should be paid out of the proceeds of said sale, we are not prepared to say that the amount is unreasonable. The deed contained the agreement that Reynolds should hold the land until the litigation be finally ended; the decree authorizes a sale when the litigation be finally disposed of as to the whole or any part of said premises. The decree should be modified by striking out the words ''or any part'' and ''or any part thereof.'' The court below is directed to modify the decree in this particular, and in all other respects the judgment is affirmed.